UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW STYLES,

                              Plaintiff,

                                                                        <u>DECISION AND ORDER</u>

                                                                            02-CV-6515L

          v.

GLENN S. GOORD, Commissioner of the
New York Department of Correctional Services,
et al.,

                              Defendants.
_____


      Plaintiff, Andrew Styles, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, all of whom were at all relevant times DOCS officials or employees, violated his rights under the Eighth Amendment to the United States Constitution by causing or allowing him to contract Hepatitis C in 1989. Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

## FACTUAL BACKGROUND

In early 1989, while he was confined at Wende Correctional Facility ("Wende"), plaintiff worked as a nurse's aide at Wende's Regional Medical Unit ("RMU"). Plaintiff alleges that during his employment there, he was frequently in contact with AIDS patients. Plaintiff alleges that on one occasion, an HIV-positive inmate who was a patient at RMU had a seizure, and as plaintiff was helping a nurse to restrain the inmate, the nurse accidentally stuck plaintiff (and herself) in the arm with the same needle that she had used to sedate the inmate.

Plaintiff's medical records indicate that he began suffering chronic nasal problems in 1991. Those symptoms persisted for a period of years, and in November 1994, following a blood test, plaintiff tested positive for Hepatitis C antibodies. Plaintiff was tested again in April 2000, and again tested positive. *See* Complaint Ex. 4.

Plaintiff alleges that he was infected with Hepatitis C during the episode with the HIV-positive inmate at RMU. In his complaint, which was filed on September 16, 2002, plaintiff alleges that defendants violated his Eighth Amendment rights by not providing him with "adequate protective gear to shield him from the risk of contracting infectious diseases," and by not "tak[ing] any precautionary measures to train" him. Complaint at 4. In particular, plaintiff alleges that he should have been instructed in so-called "universal precautions," including proper procedures such as "how to clean, mop, wash people's clothes." Id.; Styles Deposition (Dkt. #29 Ex. B) at 27, lines 15-25.

**DISCUSSION**

Defendants contend that the complaint should be dismissed as time-barred. I agree. Plaintiff had until November 1997 to file a complaint, nearly five years before he actually did so.

"A three-year statute of limitations, derived from New York's general personal injury statute of limitations, is applied to § 1983 actions brought in New York." *Griswold v. Morgan*, 317 F. Supp. 2d 226, 231 (W.D.N.Y. 2004) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Paige v. Police Dep't*, 264 F.3d 197, 199 n.2 (2d Cir. 2001)). The question in this case is when that three-year limitations period began to run. Defendants contend that it began no later than 1994, when plaintiff first tested positive for Hepatitis C. Plaintiff asserts that the limitations period did not commence until his "final" test results in 2000.

The general rule in New York is that the limitations period for personal injury actions begins to run on the date of the injury. *See* N.Y. C.P.L.R. § 214(5). There are some exceptions to that rule, however. Plaintiff asks the Court to apply one such exception–C.P.L.R. § 214-c(4)–which allows a plaintiff to bring a claim up to six years after discovering his injury where "technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined" previously.

Plaintiff has the burden of showing that this exception applies, *Bano v. Union Carbide Corp.*, 361 F.3d 696, 710 (2d Cir. 2004) (citing *Pompa v. Burroughs Wellcome Co.*, 259 A.D.2d 18, 22 (3d Dep't 1999)), and he has failed to do so. For § 214-c(4) to apply, plaintiff must show both "that the state of medical or scientific knowledge was such that the causation of his injury could not have been

identified within the three-year period after the discovery of the injury," and "that it was impossible to determine the cause of his injury within three years after the discovery of his injury." *Freier v. Westinghouse Elec. Corp.*, 303 F.3d 176, 206 (2d Cir. 2002), *cert. denied*, 538 U.S. 998 (2003). In the case at bar, plaintiff has shown neither. There is no evidence at all that the medical community lacked the means to have discovered plaintiff's condition before April 2000 (in fact, plaintiff's condition *was* discovered about five and a half years earlier). Likewise, plaintiff, who knew that he had tested positive for Hepatitis C in 1994, has not shown why he could not have known the cause of that condition (allegedly, his being stabbed with a contaminated needle) until 2000.

Another exception to the general rule does apply here, although it does not save plaintiff's claim. Under CPLR § 214-c, "the three-year period within which an action to recover damages for personal injury ... caused by the latent effects of exposure to any substance ... must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." C.P.L.R. § 214-c(2). The purpose behind this rule is "to ameliorate the harsh effect of th[e] ancient common-law rule, which often prevented recovery by a person exposed to a toxic or harmful substance who would not be aware of the injury at the time it was inflicted." *DiMarco v. Hudson Valley Blood Services*, 147 A.D.2d 156, 159-60 (1st Dep't 1989).

By its terms, § 214-c includes an "injection" within the definition of "exposure." C.P.L.R. § 214-c(1). Because Styles alleges that he contracted Hepatitis C from an accidental injection by a contaminated needle, CPLR § 214-c governs the timeliness of his claims. *See*, *e.g.*, *Hoemke v. New York Blood Center*, No. 88 CIV. 9029, 1989 WL 147642, at *1 (S.D.N.Y. Nov. 28, 1989) (§ 214-c

applied to suit against blood bank by plaintiff who alleged he had contracted AIDS in blood transfusion), *aff'd*, 912 F.2d 550 (2d Cir. 2000); *DiMarco*, 147 A.D.2d at 159-60 (same); *see also Prego v. New York*, 141 Misc. 2d 709 (Sup. Ct. Kings Co. 1988) (blood containing the AIDS virus is a toxic substance under § 214-c), *aff'd*, 147 App. Div. 2d 165 (2d Dep't 1989).  Plaintiff therefore had three years from the date on which he discovered or should have discovered his injury to commence this lawsuit.

As stated, that date was November 1, 1994, when plaintiff first tested positive for Hepatitis C.  I am not persuaded by plaintiff's assertion that the 2000 test was the last in a "combination of tests" spanning several years, and that it was only this "final" test that definitively proved that he carried the virus.  Plaintiff's Memorandum of Law (Dkt. #33) at 4.  Even if that were true, the limitations period would still have begun running in November 1994.

Cases applying § 214-c make clear that a plaintiff cannot choose the date on which he "discovers" his injury by delaying medical tests, or by taking successive tests to "confirm" the results of earlier tests.  For that matter, test results are not necessarily even required to commence the limitations period.  Rather, courts have held that a cause of action accrues at the moment a plaintiff begins to experience *symptoms* that a reasonable person would link with the underlying illness.  *See*, *e.g.*, *Prego*, 141 Misc. 2d at 712.  Thus, once a plaintiff becomes aware–through whatever means–of the primary condition from which he is suffering, the statute begins to run.

For example, in *Whitney v. Quaker Chem. Corp.*, 90 N.Y.2d 845 (1997), the plaintiff developed respiratory problems that he attributed to exposure to chemicals contained in the defendant's product in August 1989, but did not bring suit until October 1993, more than four years

later.  Affirming summary judgment in favor of the defendant, the New York Court of Appeals held that the plaintiff's action was time-barred, even though the plaintiff contended that "his symptoms worsened and changed in 1991" and that it was not until September 1991 that he received a diagnosis that a certain substance had caused his injury.  Noting that "the symptoms that afflicted plaintiff in 1989 led him to make repeated visits to the hospital and the health center for treatment," the court stated that evidence "demonstrate[d] that plaintiff had discovered the injury underlying his claims" prior to 1991, and added that "[a]ll that is necessary to start the limitations period is that plaintiff be aware of the primary condition for which damages are sought."  *Id.* at 847.  *See also Charowsky v. Kurtz*, No. CIV. A. 98-CV-5589, 2001 WL 187337, at *3 (E.D.Pa. Feb. 23, 2000) (finding § 1983 action time-barred where plaintiff alleged that he had contracted Hepatitis C in an incident in June 1995, but did not file suit until September 1998; when plaintiff was diagnosed with the disease in December 1997, "he learned nothing more than the full extent of that injury"); *Evans v. Visual Tech.*, 953 F. Supp. 453, 457-59 (N.D.N.Y. 1997) (rejecting plaintiff's argument "that the action does not accrue until the injury is diagnosed," because, were the court to adopt plaintiff's position, "a plaintiff would be able to toll the running of the statute of limitations until she received a medical diagnosis of her injuries").

In the case at bar, plaintiff's claims are even more clearly untimely than in the cases cited above.  Although the record shows that plaintiff began suffering health problems that caused him to seek treatment as early as 1991, this is not simply a case where a plaintiff knows that he is suffering from some medical condition, but delays getting a diagnosis.  Plaintiff *got* a diagnosis of Hepatitis C in November 1994.  Even if plaintiff's prior symptoms were not enough to commence the running of the limitations period, then, the 1994 test results were.[1]  There is nothing in the record

---

[1] I also note that even if CPLR § 214-c(4) applied here, plaintiff would have had to file his
(continued...)

- 6 -

to suggest that those results were merely preliminary as plaintiff suggests, but even if they were, they most certainly made plaintiff aware of his injury. *See Corcoran v. New York Power Auth.*, 202 F.3d 530, 544 (2d Cir. 1999) (in order for claim to accrue, plaintiff "need not know each and every relevant fact of his injury or even that the injury implicates a cognizable legal claim") (quoting *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998)); *Mendez v. United States*, 655 F.Supp. 701, 705 (S.D.N.Y. 1987) ("To be aware of an injury, plaintiff need not know the full extent of his or her injury. The statute will run even though the ultimate damage is unknown or unpredictable") (internal quotation marks and citations omitted)). Were the rule otherwise, a plaintiff could easily circumvent the C.P.L.R.'s limitations provisions by taking belated tests to "confirm" the fact of his injury long after the limitations period would otherwise have expired. Defendants are therefore entitled to summary judgment.[2]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #25) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 2, 2005.

---

[1](...continued)
claim no later than November 2000, so his complaint would still be untimely.

[2] My finding that plaintiff's claim is time-barred makes it unnecessary for me to consider defendants' other arguments concerning the merits of plaintiff's claims.